******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# BRUCE M. FELDER *v.* COMMISSIONER OF CORRECTION
## (AC 43214)

Alvord, Cradle and Alexander, Js.

*Syllabus*

The petitioner, who had been convicted of larceny in the first degree and larceny in the second degree, filed a second petition for a writ of habeas corpus. At the request of the respondent, the Commissioner of Correction, the habeas court issued an order, pursuant to statute (§ 52-470 (e)), directing the petitioner to show cause why the petition should be permitted to proceed in light of the fact that he filed it outside of the two year limitation period set forth in § 52-470 (d) for the filing of a successive petition challenging the same conviction. The court conducted an evidentiary hearing, during which the petitioner argued that his petition was timely because he filed it within two years of the final judgment that was rendered by a federal District Court denying a habeas petition that he previously had filed in that court. The petitioner claimed that the term "prior petition" in § 52-470 (d) was not limited to habeas petitions filed in state court and that, even if his second petition was untimely, he established good cause for the delay in filing it because he was not aware of the limitation period in § 52-470 (d), as his counsel in his first state habeas action terminated representation of the petitioner before § 52-470 (d) took effect and, thus, could not have advised him of the limitation period. The habeas court dismissed the petition under § 52-470 (e), concluding that it was untimely filed and that the petitioner failed to establish good cause for the delay. The court determined that the final judgment on the federal habeas petition did not reset the prescribed time limits in § 52-470 (d) to file a subsequent habeas petition, and that the petitioner failed overcome the presumption of unreasonable delay in § 52-470 (e) because everyone is presumed to know the law and ignorance of it excuses no one. On the granting of certification, the petitioner appealed to this court. *Held*:

1. The petitioner's habeas petition was untimely, as the phrase "prior petition" in § 52-470 (d) is limited to habeas petitions that are filed in state court, and, thus, contrary to the petitioner's claim, the final judgment on his federal habeas petition did not reset the time limits prescribed in § 52-470 (d) to file a subsequent habeas petition challenging the same conviction: because the phrase "prior petition" occurs within a statutory framework that concerns state procedures for state habeas petitions, it must be read in the context of a body of laws that are limited to state habeas proceedings, and the statute's silence as to whether "prior petition" includes a federal habeas petition indicates that it does not; moreover, the phrase "prior petition" is plain and unambiguous, and, although it is not defined in § 52-470 (d), the only reasonable interpretation of it is that it is limited to a prior state petition, and that construction would not produce an absurd or unworkable result, as it is consistent with the purpose of the legislature's habeas reforms in 2012 to expedite the resolution of habeas cases.

2. The habeas court did not abuse its discretion in determining that the petitioner failed to establish good cause for the delay in filing his second habeas petition and properly dismissed it pursuant to § 52-470 (d) and (e): the only evidence the petitioner presented to support his contention that he was unaware of the filing deadline in § 52-470 was his testimony that he lacked personal knowledge of the deadline and had never been informed of it by his previous habeas counsel, and, although it was unclear whether the habeas court credited the petitioner's assertion, the court properly concluded that a mere assertion of ignorance of the law, without more, was insufficient to compel a conclusion that the petitioner met his burden to establish good cause.

Argued October 20, 2020—officially released February 2, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Jennifer Bourn*, supervisory assistant public defender, for the appellant (petitioner).

*Laurie N. Feldman*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, former state's attorney, and *Leah Hawley*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Bruce M. Felder, appeals from the judgment of the habeas court dismissing his successive petition for a writ of habeas corpus pursuant to General Statutes § 52-470 (d) and (e).[1] On appeal, the petitioner first claims that the habeas court improperly determined that his petition was untimely under § 52-470 (d) on the ground that it was not filed within the statutorily prescribed time limits, as measured from the date of the final judgment on his prior state court habeas petition, and that a habeas petition he previously had filed in federal court was not a "prior petition" within the meaning of § 52-470 (d) so as to reset the statutorily prescribed time limits to file a subsequent habeas petition challenging the same conviction. Alternatively, the petitioner claims that the habeas court improperly determined that his purported ignorance of the filing deadline set forth in § 52-470 (d) and his belief that he could litigate his federal habeas petition before returning to state court were insufficient to demonstrate good cause within the meaning of § 52-470 (e) to overcome the statutory presumption of unreasonable delay. We disagree with the petitioner and, accordingly, affirm the judgment of the habeas court.

The procedural background underlying this appeal is as follows. After a jury trial, the petitioner was convicted of one count of larceny in the first degree in violation of General Statutes § 53a-122 (a) (3), and one count of larceny in the second degree in violation of General Statutes § 53a-123 (a) (3). On June 16, 2004, the trial court, *Koletsky, J.*, sentenced the petitioner to a total effective term of thirty years of incarceration. On May 9, 2006, this court affirmed the judgment of conviction on direct appeal. *State* v. *Felder*, 95 Conn. App. 248, 250, 897 A.2d 614, cert. denied, 279 Conn. 905, 901 A.2d 1226 (2006). On June 29, 2006, our Supreme Court denied the petitioner certification to appeal from this court's decision. *State* v. *Felder*, 279 Conn. 905, 901 A.2d 1226 (2006).

After exhausting his direct appeal, the petitioner filed a state court petition for a writ of habeas corpus (first state habeas petition) on June 13, 2006, challenging his conviction.[2] On September 15, 2011, following a trial on the merits, the habeas court, *Nazzaro, J.*, denied the petition; *Felder* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-06-4001113-S (September 15, 2011); and the petitioner appealed to this court. On February 28, 2012, this court dismissed the petitioner's appeal by memorandum decision. *Felder* v. *Commissioner of Correction*, 133 Conn. App. 908, 36 A.3d 308, cert. denied, 304 Conn. 932, 43 A.3d 661 (2012). On May 9, 2012, our Supreme Court denied the petitioner certification to appeal.[3] *Felder* v. *Commissioner of Correction*, 304 Conn. 932, 43 A.3d 661 (2012).

In 2012, the petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Connecticut (federal habeas petition) pursuant to 28 U.S.C. § 2254.[4] On June 1, 2015, the District Court denied the federal habeas petition and declined to issue the petitioner a certificate of appealability. *Felder* v. *Commissioner of Correction*, United States District Court, Docket No. 3:12-cv-00650 (MPS) (D. Conn. June 1, 2015).

On May 18, 2017, the petitioner filed the present state court petition for a writ of habeas corpus (second state habeas petition).[5] On December 20, 2018, the respondent, the Commissioner of Correction, filed a request with the habeas court pursuant to § 52-470 (e) for an order directing the petitioner to appear and to show cause why his second state habeas petition should be permitted to proceed in light of the fact that he filed it well outside of the deadline for successive habeas petitions set forth in § 52-470 (d). In his request, the respondent argued that the petitioner's second state habeas petition was untimely because the petitioner did not file it until May 18, 2017, far exceeding the October 1, 2014 statutory deadline as measured from the final judgment on his first *state* habeas petition.[6]

The habeas court, *Newson, J.*, issued an order to show cause and on March 8, 2019, conducted an evidentiary hearing. The only evidence presented at the hearing was the testimony of the petitioner. The respondent chose not to cross-examine the petitioner or to present any other evidence at the show cause hearing. The court also heard legal arguments from both parties.

The petitioner testified that his former state habeas counsel terminated their representation in 2012, after final judgment on the first state habeas action. The petitioner testified that he filed a federal habeas petition in 2012 that came to final judgment in June, 2015. The petitioner further testified that, prior to having counsel appointed for him in the second state habeas action,[7] he was not aware of § 52-470 or the requirements set forth therein.

The petitioner's counsel first argued that the second state habeas petition was in fact timely because it was filed within two years of the final judgment on the *federal* habeas petition and, therefore, within the meaning of "prior petition" under § 52-470 (d). In support of his argument, the petitioner's counsel noted that § 52-470 (d) does not state that the phrase "prior petition" is limited to a state petition but, rather, that § 52-470 (d) states, two years "after the date on which the judgment in the prior petition is deemed to be a final judgment . . . ." Second, he argued that, if the petition was untimely, the petitioner showed good cause for the delay in that he was not aware of the deadline. Counsel maintained that, because the petitioner's former coun-

sel in the first state habeas action terminated their representation before § 52-470 (d) took effect, the former counsel could not have advised the petitioner of the statutorily prescribed time limits, "[s]o, he either had to know about it on his own, or he would have no other way of knowing about it."

The respondent then reiterated his argument that the petitioner's second state habeas petition, as a petition successive to his first state habeas petition that reached final judgment on May 9, 2012, should have been filed no later than October 1, 2014, and was therefore untimely under § 52-470 (d). The respondent further argued that the petitioner's federal habeas petition was not a "prior petition" within the meaning of § 52-470 (d) and that final judgment on the federal habeas petition therefore did not reset the statutorily prescribed time limits to file a subsequent habeas petition challenging the same conviction. With respect to the petitioner's evidence of good cause for his delay, the respondent argued that any ignorance of the deadline on the part of the petitioner did not excuse noncompliance and that the petitioner's testimony as to his ignorance was self-serving.

On May 21, 2019, the habeas court issued a decision dismissing the petitioner's second state habeas action. In its decision, the court rejected both of the petitioner's arguments. First, it determined that the petition was untimely because final judgment on the petitioner's federal habeas petition did not reset the statutorily prescribed time limits to file a subsequent habeas petition under § 52-470 (d). The court stated: "The petitioner argues that the two year period in § 52-470 (d) should be calculated from June 1, 2015, when a federal habeas corpus petition he was litigating on this same conviction was disposed of, which would mean the applicable deadline did not run until June 1, 2017, fourteen days after this petition was filed. This argument, however, is explicitly contradicted by the statutory language in § 52-470 (d), which states in pertinent part: 'The time periods set forth in this subsection *shall not be tolled* during the pendency of *any other petition* challenging the same conviction' . . . .

"The term '*any other* petition' is not limited in any way within subsection (d) or elsewhere in § 52-470. To read an exception into that language tolling the two year time period while a petitioner was engaged in federal habeas litigation would be contradictory to the plain and unambiguous language of the statute and apparent intent of the legislature." (Citation omitted; emphasis in original.)

Second, the habeas court concluded that the petitioner failed to establish good cause for the delay within the meaning of § 52-470 (e), stating that, " 'everyone is presumed to know the law, and that ignorance of the law excuses no one . . . .' *State* v. *Surette*, 90 Conn. App. 177, 182, 876 A.2d 582 (2005). On the meaning of

'good cause,' our Appellate Court has held that 'good cause has been defined as a substantial reason amounting in law to a legal excuse for failing to perform an act required by law . . . .' *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 532, 197 A.3d 1034 (2018), appeal dismissed, 335 Conn. 1, 225 A.3d 282 (2020). The petitioner has failed to present any 'good cause' in the present case for filing this petition nearly three years beyond the [statutory] deadline."

Accordingly, the habeas court dismissed the petition. The court subsequently granted the petitioner certification to appeal, and this appeal followed.

I

The petitioner first claims that the habeas court improperly determined that his petition was untimely under § 52-470 (d). The petitioner does not dispute that the filing of his second state habeas petition would be considered untimely if the statutorily prescribed time limits were calculated from the final judgment on his first state habeas petition. Rather, the petitioner argues that his second state habeas petition was in fact timely because it was filed within two years of final judgment on his *federal* habeas petition, which, he contends, is included within the meaning of "prior petition" under § 52-470 (d). In support of his argument, the petitioner maintains that "the plain and unambiguous language of subsection (d) does not exclude a federal petition from constituting 'a prior petition challenging the same conviction' " and that the legislature could have used language specifying a "prior state petition" had it intended that limitation. He further argues that limiting "prior petitions" to state petitions would produce the absurd and unworkable result of requiring petitioners to file subsequent state petitions while their federal petitions remain unresolved, which, he contends, would be inconsistent with the legislature's intent to reduce unnecessary litigation and to expeditiously resolve habeas cases. The respondent maintains that the petitioner's federal habeas petition was not a "prior petition" within the meaning of § 52-470 (d) and that the petitioner's second state habeas petition, as a petition successive to the first state habeas petition that reached final judgment on May 9, 2012, was therefore untimely. We agree with the respondent.

The issue before this court is whether the term "prior petition" in two phrases in § 52-470 (d) is limited to prior state petitions or includes prior federal petitions. This presents a question of statutory interpretation over which our review is always plenary. See, e.g., *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 35, A.3d (2020). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the

facts of [the] case . . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes.[8] If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . ." (Footnote added; internal quotation marks omitted.) *Kasica* v. *Columbia*, 309 Conn. 85, 93, 70 A.3d 1 (2013).

We begin our analysis by examining the text of § 52-470. Section 52-470 (d) provides in relevant part: "In the case of a petition filed subsequent to a judgment on a *prior petition* challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after . . . [t]wo years after the date on which the judgment in the *prior petition* is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . . The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law." (Emphasis added.)

The text of § 52-470 does not define "prior petition." The petitioner argues that the statute's silence as to whether "prior petition" includes federal habeas petitions renders the statute ambiguous. "It is well settled, however, that [statutory] silence does not necessarily equate to ambiguity. . . . Rather, [i]n determining whether legislative silence renders a statute ambiguous, we read the statute in context to determine whether the language is susceptible to more than one reasonable interpretation." (Citations omitted; internal quotation marks omitted). *State* v. *Ramos*, 306 Conn. 125, 136, 49 A.3d 197 (2012).

In light of the text of § 52-470 and its relationship to other statutes, we conclude that the term "prior petition" as used in § 52-470 (d) is plain and unambiguous, and that the only reasonable interpretation of the statutory language is that the term "prior petition" is limited to a prior state petition. The respondent argues on appeal that "§ 52-470 is part of a cohesive body of habeas corpus regulation that is entirely, albeit never explicitly, focused on state habeas processes." In support of his argument, the respondent notes that, "[t]his

body of law is codified in title 52 of the Connecticut General Statutes, civil actions, which opens with the phrase, '[t]he *Superior Court* may administer legal and equitable rights . . . .' General Statutes § 52-1 . . . ." (Emphasis altered.) Thus, the respondent contends that these statutes are established within provisions governing Connecticut state court proceedings. With specific regard to habeas matters, the respondent notes that "General Statutes § 52-466 (a) (1) provides at the threshold that '[a]n application for a writ of habeas corpus . . . shall be made to the *superior court*, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty.' . . . Words such as 'state,' 'state habeas corpus' and 'state custody' do not appear in this provision." (Emphasis added.) Likewise, § 52-470 (a) provides in relevant part that "[t]he court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case . . . ." The respondent argues that "[s]ubsection (a) does not and need not state that it regulates only state judges hearing state petitions regarding state habeas corpus of state prisoners, and does not purport to address how federal habeas courts should consider habeas petitions." We agree with the respondent that the phrase "prior petition" in subsection (d) therefore must be read in the context of a body of laws limited to state habeas proceedings alone, and not including habeas proceedings in the federal court system.

In that vein, the respondent argues that "the statute [governing habeas corpus petitions] repeatedly uses a word at issue here, 'petition,' to mean a state petition, without so specifying." In support of his argument, the respondent references § 52-470 (b) (1), which provides that, after the close of the pleadings, the habeas court "shall determine whether there is good cause for trial for all or part of *the petition*." (Emphasis added.) See also General Statutes § 52-470 (b) (3) (if "the petition" and exhibits submitted by petitioner do not establish good cause to proceed, habeas court must hold hearing and, if it finds there is not good cause for trial, it must dismiss all or part of "the petition"); General Statutes § 52-470 (c) (rebuttable presumption that filing of "a petition challenging judgment of conviction" is delayed without good cause if "such petition" is filed after certain time periods). We agree with the respondent that the word "petition" in these provisions refers to a petition in a state habeas proceeding, the subject of the statute. The respondent further maintains that, "given the intrastate context of the statute, "the lack of specification [of the word 'petition'] in subsection (d) does not point toward a different treatment." "An identical term used in [statutory provisions] pertaining to the same subject matter should not be read to have differing meanings unless there is some indication from the legis-

lature that it intended such a result." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 78, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004). We agree with the respondent that, because § 52-470 (d) occurs within a statutory framework concerning state procedures for state habeas petitions, the statute's silence as to whether a "prior petition" includes a federal petition therefore indicates that it does not.

Contrary to the petitioner's argument, a statutory construction of § 52-470 (d) that limits "prior petitions" to state petitions would not produce an absurd and unworkable result. Rather, such a construction is consistent with the purpose of the legislature's 2012 habeas reforms to expedite the resolution of habeas cases. See *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 717, 189 A.3d 578 (2018) (explaining that "[t]he 2012 amendments are significant . . . because they provide tools to effectuate the original purpose of ensuring expedient resolution of habeas cases"). The respondent argues that, "[g]iven the priority [that] the statute places on expedient resolution and finality where reasonably possible, it [logically can] be construed to promote an approach by which, if there is a need to bring a subsequent petition, it be brought as soon as the claim becomes apparent rather than after the conclusion of federal review of claims raised and denied in prior state petitions." We agree with the respondent that this statutory construction is consistent with the purpose of the statute and, therefore, would not produce an absurd or unworkable result.

We conclude that the term "prior petition" in § 52-470 (d) is limited to prior state petitions. Accordingly, final judgment on the petitioner's federal habeas petition did not reset the statutorily prescribed time limits to file a subsequent habeas petition challenging the same conviction, and his second state habeas petition was therefore untimely under § 52-470 (d).

## II

The petitioner next claims that the habeas court improperly determined that he failed to present sufficient evidence to demonstrate good cause within the meaning of § 52-470 (e) to overcome the statutory presumption of unreasonable delay. The petitioner argues that he established good cause for the delay in light of his testimony that he was unaware of the statutorily prescribed time limits and that there was "reasonable confusion" as to the impact of his federal habeas petition on the deadlines. The respondent contends that the petitioner has failed to meet his burden of demonstrating good cause to overcome the statutory presumption of unreasonable delay. We agree with the respondent.

"[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be

required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay. Although it is impossible to provide a comprehensive list of situations that could satisfy this good cause standard, a habeas court properly may elect to consider a number of factors in determining whether a petitioner has met his evidentiary burden of establishing good cause for filing an untimely petition. . . . [F]actors directly related to the good cause determination include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. No single factor necessarily will be dispositive, and the court should evaluate all relevant factors in light of the totality of the facts and circumstances presented." *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 34–35.

"[A] habeas court's determination of whether a petitioner has satisfied the good cause standard in a particular case requires a weighing of the various facts and circumstances offered to justify the delay, including an evaluation of the credibility of any witness testimony." Id., 35–36. "[W]e will overturn a habeas court's determination regarding good cause under § 52-470 only if it has abused the considerable discretion afforded to it under the statute. In reviewing a claim of abuse of discretion, we have stated that [d]iscretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In general, abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors. . . . [Reversal is required only] [i]n those cases in which an abuse of discretion is manifest or where injustice appears to have been done . . . ." (Internal quotation marks omitted.) Id., 38.

In *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 27–28, this court concluded that the habeas court properly exercised its discretion in dismissing a successive petition for a writ of habeas corpus on the ground that the petitioner's alleged lack of knowledge of the filing deadline set forth in § 52-470 was insufficient to demonstrate good cause to overcome the statutory presumption of unreasonable delay. In that case, the habeas court conducted a show cause hearing pursuant to § 52-470 (e), during which the petitioner testified that his former habeas counsel failed "to inform

him of the time limitations of § 52-470, he was unaware of the deadline for filing his second habeas petition, and this lack of knowledge necessarily established 'good cause' for any delay." Id., 40. This court held that "the petitioner has failed to demonstrate on appeal that the habeas court abused its discretion by dismissing his untimely successive petition." Id., 43. In support of our conclusion, we noted that, "[r]egardless of whether the court credited the petitioner's claim of ignorance of § 52-470, it nevertheless went on to conclude that the petitioner's own ignorance of the law did not satisfy his burden to establish good cause for the untimely filing. This reasoning is legally sound. The familiar legal maxims, that [everyone] is presumed to know the law, and that ignorance of the law excuses no one, are founded upon public policy and in necessity, and the [principle underlying] them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of men's minds." (Internal quotation marks omitted). Id., 41.

Here, as in *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 41, we are not persuaded that the petitioner's alleged lack of knowledge of the deadlines contained in § 52-470 is sufficient to compel a conclusion that he met his burden of demonstrating good cause for the delay. The only evidence the petitioner presented to support his contention that he was unaware of the filing deadline in § 52-470 was his own testimony that he lacked personal knowledge of the deadline and that he was never informed of it by his previous habeas counsel. Although it is unclear whether the habeas court credited the petitioner's assertion, the habeas court properly concluded that a mere assertion of ignorance of the law, without more, is insufficient to establish good cause. We conclude that the habeas court did not abuse its discretion in determining that the petitioner failed to establish good cause for the delay in filing his successive habeas petition. Accordingly, we conclude that the habeas court properly dismissed the petitioner's second habeas petition pursuant to § 52-470 (d) and (e).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-470 provides in relevant part: "(a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments in the case, and shall inquire fully into the cause of imprisonment and thereupon dispose of the case as law and justice require. . . .

"(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right

asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection . . . (d) of this section. . . ."

[2] In his first state habeas petition, the petitioner claimed that his criminal trial counsel, Attorney Donald O'Brien, was ineffective for having failed to cross-examine a police officer about a particular line of inquiry.

[3] The petitioner submits that, on May 8, 2013, he filed a subsequent state petition for a writ of habeas corpus that may be relevant to the procedural history of this case. On July 1, 2013, the habeas court dismissed the petition for lack of jurisdiction. *Felder* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-13-4005417-S (July 1, 2013). The petitioner did not appeal from that dismissal, which rendered that judgment final as of July 21, 2013. See General Statutes § 52-470 (d) (1) (two year period for filing subsequent petition runs from conclusion of appellate review or "the expiration of the time for seeking such review"); Practice Book § 63-1 (providing twenty days within which to file appeal).

We are unable to determine from the record whether the petitioner's May 8, 2013 state habeas petition challenged the conviction at issue here or other convictions of the petitioner. It is immaterial, however, whether the May 8, 2013 state habeas petition challenged the same conviction at issue here because the present state habeas petition would be untimely whether the statutorily prescribed time limits are measured from either the date of final judgment on his first state habeas petition (May 9, 2012) or the date of final judgment on his May 8, 2013 state habeas petition (July 21, 2013). Therefore, for the purposes of determining the date of final judgment on the petitioner's prior state habeas petition, as required by § 52-470 (d), we consider the petitioner's present habeas petition to be successive to his first state habeas petition.

[4] Title 28 of the United States Code, § 2254 (a), provides: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

In his federal habeas petition, the petitioner claimed that the state had presented insufficient evidence to support his conviction of larceny in the first degree, and that his conviction of larceny in the first degree and larceny in the second degree violated the double jeopardy clause of the fifth amendment to the United States constitution. See *Felder* v. *Commissioner of Correction*, United States District Court, Docket No. 3:12-cv-00650 (MPS) (D. Conn. June 1, 2015).

[5] In his second state habeas petition, the petitioner claimed that his criminal trial counsel, Attorney Donald O'Brien, was ineffective in that he failed to seek a bill of particulars and to object to a jury instruction on a lesser included offense. Further, the petitioner claimed that his first state habeas counsel, Damon A. R. Kirschbaum, was ineffective in that he failed to raise an ineffectiveness claim regarding criminal trial counsel's failure to seek a bill of particulars, attempted to file a brief pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and deprived the petitioner of his right to present a defense.

[6] Final judgment was rendered on the petitioner's first state habeas petition on May 9, 2012. See General Statutes § 52-470 (d) ("In the case of a petition filed subsequent to a judgment on a prior petition challenging the same

conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed *after the later of the following*: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) *October 1, 2014* . . . .” (Emphasis added.)).

[7] The habeas court, on May 22, 2017, granted the petitioner's request that counsel be appointed for him.

[8] General Statutes § 1-2z provides: “The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.”

———————————————