******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# JEROME RICE *v.* COMMISSIONER OF CORRECTION
## (AC 42970)

Bright, C. J., and Elgo and Cradle, Js.

*Syllabus*

The petitioner, who had been convicted of the crime of murder, filed a third petition for a writ of habeas corpus. The habeas court, upon the request of the respondent Commissioner of Correction, issued an order, pursuant to statute (§ 52-470 (e)), to show cause why the petition should not be dismissed as untimely pursuant to § 52-470 (d) (1) on the ground that it was not filed within two years of the conclusion of appellate review of the judgment on the prior habeas petition. Following an evidentiary hearing, during which the petitioner testified, the habeas court dismissed the petition as untimely, concluding that the petitioner failed to establish good cause for the delay in filing his petition. In reaching its decision, the court determined that there was no evidence corroborating the petitioner's testimony that his prior habeas and appellate counsel did not advise him of the statutory time constraints or that he had taken substantial steps to pursue a federal habeas petition. The court also stated that it was not persuaded by that testimony nor the petitioner's testimony that he was unaware of the statutory time constraints. Thereafter, the habeas court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the petitioner could not prevail on his claim that the habeas court erred in rejecting his claim that his ignorance of the time constraints in § 52-470 (d) constituted good cause for the delay in the filing of his habeas petition, which was based on his argument that his testimony that he was unaware of the statutory deadlines overcomes the rebuttable presumption of unreasonable delay: even if an assertion of ignorance of the statutory deadlines was sufficient to satisfy the burden of showing good cause, the habeas court found that the petitioner's testimony that he was unaware of the deadlines was not credible, and it was not within the purview of this court to second-guess the habeas court's credibility determinations; accordingly, there was no basis for this court to conclude that the habeas court abused its discretion in denying the petition for certification to appeal.

Argued November 19, 2020—officially released May 11, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Bhatt, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Naomi T. Fetterman*, for the appellant (petitioner).

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Jerome Rice, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely under General Statutes § 52-470 (d) and (e).[1] On appeal, the petitioner claims that the habeas court improperly determined that, pursuant to § 52-470 (e), the petitioner had not established good cause to overcome the presumption of unreasonable delay for the filing of his untimely habeas petition. We disagree and accordingly dismiss the appeal.[2]

The following facts and procedural history, as set forth by the habeas court, are relevant to the petitioner's claim on appeal. "The petitioner was [found guilty] by a jury of murder in violation of General Statutes § 53a-54a . . . . On February 15, 2006, the [trial] court imposed a sentence of fifty-three years [of] incarceration. He appealed, and [this court] affirmed his conviction and our Supreme Court denied certification to appeal on February 14, 2008. *State* v. *Rice*, 105 Conn. App. 103, 936 A.2d 694 (2007), cert. denied, 285 Conn. 921, 943 A.2d 1101 (2008).

"[The petitioner] initiated his first petition for writ of habeas corpus . . . on July 6, 2007. This [petition] was withdrawn on July 20, 2010. A second habeas petition . . . was filed on August 6, 2010. The matter was tried to the [habeas] court, and the petition was denied on June 26, 2013. The petitioner appealed, and [this court] dismissed the appeal . . . [and] [o]ur Supreme Court denied certification to appeal on January 14, 2015. *Rice* v. *Commissioner of Correction*, 154 Conn. App. 901, 103 A.3d 1006 (2014), cert. denied, 315 Conn. 915, 106 A.3d 307 (2015). He then filed the instant petition on March 15, 2018."

On February 8, 2019, the habeas court, at the request of the respondent, the Commissioner of Correction, issued an order to show cause why the petition should not be dismissed as untimely pursuant to § 52-470 (d) (1) on the ground that it was not filed within two years of the conclusion of appellate review of the judgment on the prior petition, which became final on January 14, 2015. On March 27, 2019, the court held an evidentiary hearing at which the petitioner testified. The petitioner argued that "good cause exists because he was never informed by his prior attorneys of the existence of statutory time constraints that would prohibit him from getting review of his claims and, had he known of the expiration of the time period, he would have timely filed the petition. He testified that he was preparing to file a federal habeas corpus petition when he became aware that he might need to raise some claims in state court in order to exhaust his remedies before seeking relief in federal court."

In a memorandum of decision dated April 3, 2019, the habeas court, *Bhatt, J.*, dismissed the habeas petition as untimely under § 52-470 (d), concluding that the petitioner failed to establish good cause for the delay. The court determined that there was no evidence corroborating the petitioner's testimony that prior habeas and appellate counsel did not advise him of the time constraints or that he had taken substantial steps to pursue a federal habeas petition. Because the court was "not persuaded by the testimony of the petitioner that he was unaware of the time constraints within which to refile his petition, was not informed of the same by prior habeas counsel and has acted with reasonable diligence in pursuing his legal rights," the court dismissed the petition.. The court thereafter denied the petition for certification to appeal, and this appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Haywood* v. *Commissioner of Correction*, 194 Conn. App. 757, 763–64, 222 A.3d 545 (2019), cert. denied, 335 Conn. 914, 229 A.3d 729 (2020).

"The conclusions reached by the [habeas] court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). "To the

extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 298, 995 A.2d 641, cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010).

The petitioner asserts that the habeas court erred by rejecting his claim that his ignorance of the time constraints set forth in § 52-470 (d) constituted good cause for the delay in the filing of his habeas petition. In particular, he argues that his testimony that he was unaware of the statutory deadlines overcomes the rebuttable presumption of unreasonable delay.[3]

Even if an assertion of ignorance of the statutory deadlines was sufficient to satisfy the burden of showing good cause, the habeas court found that the petitioner's testimony that he was unaware of the deadlines was *not credible*. "[T]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony . . . ." (Internal quotation marks omitted.) *Brenton* v. *Commissioner of Correction*, 325 Conn. 640, 694, 159 A.3d 1112 (2017). It is not within the purview of this court to second-guess the habeas court's credibility determinations. Accordingly, there is no basis for us to conclude that the habeas court abused its discretion when it denied the petition for certification to appeal.[4]

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 52-470 provides in relevant part: "(a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments in the case, and shall inquire fully into the cause of imprisonment and thereupon dispose of the case as law and justice require. . . .

"(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to

meet the requirements of subsection . . . (d) of this section. . . .”

<sup>2</sup> This court recently issued an order asking the parties for their positions regarding whether consideration of this appeal should be stayed pending the final disposition in *Kelsey* v. *Commissioner of Correction*, Docket No. SC 20553 (appeal filed February 3, 2021), by our Supreme Court. The petitioner argued that the appeal should be stayed for clarification regarding the appropriate standard of review and whether a petitioner’s ignorance of the filing deadline imposed by § 52-470 (d) (1) is good cause for delay. The respondent, the Commissioner of Correction, objected to a stay arguing that our Supreme Court’s decision in *Kelsey* will not control the outcome of this appeal because the habeas court’s decision in the present case is based on its finding that the petitioner’s testimony was not credible, and, therefore, we are not required to address either the standard of review question or the legal meaning of good cause resolved by this court in *Kelsey*. Because we agree with the respondent that the resolution of the issues that the Supreme Court granted certification in *Kelsey* will have no bearing on the outcome of this appeal, we decline to stay this case.

<sup>3</sup> This court recently addressed, and rejected, an identical claim in *Felder* v. *Commissioner of Correction*, 202 Conn. App. 503, 246 A.3d 63, cert. granted, 336 Conn. 924,     A.3d     (2021). In *Felder*, the petitioner alleged that he was unaware of the deadlines contained in § 52-470 and that his previous habeas counsel never informed him of the deadlines. Id., 516–17. The petitioner contended that this was sufficient evidence to demonstrate good cause for the delay in the filing of his petition. Id., 516. This court held: “[W]e are not persuaded that the petitioner’s alleged lack of knowledge of the deadlines contained in § 52-470 is sufficient to compel a conclusion that he met his burden of demonstrating good cause for the delay. The only evidence the petitioner presented to support his contention that he was unaware of the filing deadline in § 52-470 was his own testimony that he lacked personal knowledge of the deadline and that he was never informed of it by his previous habeas counsel. Although it is unclear whether the habeas court credited the petitioner’s assertion, the habeas court properly concluded that a mere assertion of ignorance of the law, without more, is insufficient to establish good cause. We conclude that the habeas court did not abuse its discretion in determining that the petitioner failed to establish good cause for the delay in filing his successive habeas petition.” Id., 519. We are aware that our Supreme Court has granted certification in *Felder* on three issues, which include whether this court correctly determined that the habeas court did not abuse its discretion in rejecting the petitioner’s claim that his ignorance of the statutory deadlines was good cause to overcome the rebuttable presumption of unreasonable delay. See *Felder* v. *Commissioner of Correction*, 336 Conn. 924,     A.3d     (2021). The issues before the Supreme Court in *Felder* have no bearing on the outcome of the present appeal because, unlike in *Felder*, the habeas court in the present case made clear that it did not credit the testimony of the petitioner.

<sup>4</sup> See *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 533, 197 A.3d 1034 (2018) (“the petitioner’s prior counsel did not testify and the habeas court concluded that there was insufficient evidence to ascertain whether counsel had failed to apprise the petitioner of the time constraints governing his subsequent petition”), appeal dismissed, 335 Conn. 1, 225 A.3d 282 (2020). The petitioner seemingly relies on our Supreme Court’s grant of certification in *Langston* to argue that the resolution of the underlying claim in this case involves issues that are debatable among jurists of reason, resulting in an abuse of discretion in the habeas court’s denial of his petition for certification to appeal. Because our Supreme Court subsequently dismissed the appeal after determining that certification was improvidently granted, this argument is unavailing.