******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RONNIE HOLLEY *v.* COMMISSIONER
OF CORRECTION
(AC 43186)

Bright, C. J., and Cradle and Harper, Js.*

*Syllabus*

The petitioner, who had been convicted, following a jury trial, of, inter alia,
sexual assault in the first degree, sought a writ of habeas corpus. The
petitioner had filed two prior state habeas corpus petitions, the second
of which was denied in January, 2009, and the habeas court's decision
was affirmed on appeal to this court. The Supreme Court denied the
petitioner's request for certification to appeal that decision in January,
2011. The petitioner subsequently brought a federal habeas action, and
the court denied the federal petition in December, 2014. The petitioner
filed the habeas petition underlying this appeal in December, 2016, and
the respondent, the Commissioner of Correction, filed a request for an
order to show cause pursuant to statute (§ 52-470 (e)), asserting that
the petition should be dismissed because it was not timely filed pursuant
to § 52-470 (d) (1). At the good cause hearing, the petitioner asserted
that his petition was timely under § 52-470 (d) because it was filed
within two years of the final judgment on his federal habeas petition
or, alternatively, that he had established good cause, under § 52-470 (e),

---

* This appeal was argued on November 9, 2020, before a panel of this
court consisting of Judges Cradle, Alexander and Harper. On March 19,
2021, this court stayed the appeal pending the final disposition of *Kelsey* v.
*Commissioner of Correction*, 202 Conn. App. 21, 244 A.3d 171 (2020), aff'd,
343 Conn. 424, 274 A.3d 85 (2022), and *Felder* v. *Commissioner of Correction*,
202 Conn. App. 503, 246 A.3d 63 (2021), aff'd, 348 Conn. 396, 306 A.3d 1061
(2024), by our Supreme Court.

On February 6, 2024, this court issued the following order: "As [*Kelsey*]
and [*Felder*] have been decided by the Supreme Court, the stay that was
entered on March 19, 2021, and continued on June 21, 2022, is hereby
lifted. The parties are hereby ordered, sua sponte, to submit supplemental
memoranda of no more than 2000 words, on or before February 28, 2024,
addressing the impact of *Kelsey* v. *Commissioner* [*of Correction*], 343 Conn.
424, 274 A.3d 85 (2022), and *Felder* v. *Commissioner* [*of Correction*], 348
Conn. 396, 306 A.3d 1061 (2024), on this appeal. The supplemental memo-
randa should also indicate whether additional oral argument is requested."
(Footnote omitted.) Both parties filed supplemental briefs in accordance
with that order and waived additional oral argument.

On April 11, 2024, Chief Judge Bright replaced Judge Alexander on the
panel, and he has read the briefs and appendices and listened to a recording
of oral argument prior to participating in this decision.

to overcome the presumption of unreasonable delay for the filing of his untimely habeas petition because he was not aware of the limitation periods imposed by § 52-470 (d). The habeas court dismissed the petition as untimely under § 52-470 (d), concluding that the petitioner had failed to establish good cause for the delay. Thereafter, the habeas court denied the petitioner's petition for certification to appeal, and the petitioner appealed to this court. *Held* that the petitioner could not prevail on his claim that the habeas court abused its discretion in denying his petition for certification to appeal as, pursuant to *Felder* v. *Commissioner of Correction* (348 Conn. 396), the petitioner's lack of knowledge, standing alone, was insufficient to establish good cause for a delay in filing his untimely petition, and the phrase "prior petition," as used in § 52-470 (d), unambiguously refers solely to state habeas petitions, and, therefore, any contrary interpretation by the petitioner was unreasonable; accordingly, this court could not conclude that the resolution of the petitioner's claims involved issues that were debatable among jurists of reason, that a court could resolve in a different manner, or that deserved encouragement to proceed further.

Argued November 9, 2020—officially released May 21, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Newson, J.*; judgment dismissing the petition; thereafter, the court, *Newson, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Jennifer Bourn*, chief of legal services, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Patrick Griffin*, state's attorney, and *Craig Nowak*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Ronnie Holley, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely under

General Statutes § 52-470 (d) and (e).[1] On appeal, the petitioner claims that the habeas court improperly rejected his claim that his petition was timely under § 52-470 (d) because it was filed within two years of the final judgment on his prior federal habeas petition or, alternatively, that he had established good cause, under § 52-470 (e), to overcome the presumption of unreasonable delay for the filing of his untimely habeas petition in that he was unaware of the statutory time limit. We disagree and, accordingly, dismiss the appeal.

The following facts and procedural history, as set forth by the habeas court, are relevant to the petitioner's

---

[1] General Statutes § 52-470 provides in relevant part: "(a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments in the case, and shall inquire fully into the cause of imprisonment and thereupon dispose of the case as law and justice require. . . .

"(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which

claims on appeal. "[T]he petitioner was convicted of sexual assault [in the] first degree and assault [in the] third degree by a jury after a trial held in the judicial district of New Haven. Following his convictions, the trial court sentenced him to a total effective term of fifteen years, execution suspended after ten years, followed by ten years of probation. The petitioner took a direct appeal from his convictions, which were affirmed. *State* v. *Holley*, 90 Conn. App. 350, 877 A.2d 872, cert. denied, 275 Conn. 929, 883 A.2d 1249 (2005). The petitioner has also filed two prior state habeas corpus petitions, the most recent one having been denied on January 12, 2009. *Holley* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-07-4001499-S (January 12, 2009). The decision of the habeas court was affirmed on appeal, and the petitioner's subsequent request for certification to [appeal to our] Supreme Court was denied. *Holley* v. *Commissioner of Correction*, 124 Conn. App. 907, 5 A.3d 584 (2010), cert. denied, 299 Conn. 924, 11 A.3d 151 (2011). [Our] Supreme Court released notification of its decision on January 4, 2011." Following that decision, in 2011, the petitioner brought a federal habeas action. On December 9, 2014, the court denied the federal petition. *Holley* v. *Chapdelaine*, United States District Court, Docket No. 3:11CV00576 (JAM) (D. Conn. December 9, 2014).

"The current petition for a writ of habeas corpus was received by the clerk on December 8, 2016. The respondent [Commissioner of Correction] filed a request for order to show cause on October 31, 2018, asserting that the petition should be dismissed because it was not filed within two years from when appellate review of the decision on the prior [state] petition became final on January [4], 2011, as provided for in

could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection . . . (d) of this section. . . ."

. . . § 52-470 (d) (1). The court held an evidentiary hearing on the matter [on] February 22, 2019."

At the hearing, the petitioner was the sole witness. The petitioner asserted that "he was not aware of the limitation periods imposed by § 52-470 (d)." The petitioner also argued that " 'good cause' should be found in the fact that he commenced a federal habeas petition attacking the same conviction after the January 4, 2011 Supreme Court decision, and that federal case was not finally adjudicated until [December 9, 2014]."

In a memorandum of decision dated May 13, 2019, the court, *Newson, J.*, dismissed the habeas petition as untimely under § 52-470 (d), concluding that the petitioner failed to establish good cause for the delay. The court rejected the petitioner's first argument by stating: "[E]veryone is presumed to know the law, and . . . ignorance of the law excuses no one . . . . Thus, the [petitioner] is charged with knowledge of the law." (Internal quotation marks omitted.) The court rejected the petitioner's second argument by stating that "there is nothing in the language of § 52-470 (d) that could reasonably be read to contemplate a tolling of the limitation period while a petitioner is engaged in parallel challenges to the same conviction in a different forum. . . . Therefore, this basis is also insufficient to establish 'good cause' for this petition being filed . . . beyond the . . . deadline." (Citation omitted.) The court thereafter denied the petitioner's petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First,

[the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. . . .

"The conclusions reached by the [habeas] court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citations omitted; internal quotation marks omitted.) *Rice* v. *Commissioner of Correction*, 204 Conn. App. 513, 517–18, 251 A.3d 1009, cert. denied, 337 Conn. 906, 252 A.3d 365 (2021).

On appeal, the petitioner claims that the habeas court improperly determined that his petition was untimely under § 52-470 (d) on the ground that it was not filed

within the statutorily prescribed time limit of two years after the date of judgment on his prior habeas petition because it was filed within two years of final judgment on his prior federal habeas petition, which, he contends, is included within the meaning of "prior petition" under § 52-470 (d). Alternatively, he argues that he has demonstrated good cause for the untimely filing of his petition in that he was unaware of the statutory time limit.

Our resolution of the petitioner's claims is dictated by our Supreme Court's recent interpretation of § 52-470 (d), which provides in relevant part: "In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of . . . [t]wo years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . [or] October 1, 2014 . . . ." In particular, the parties concede, and we agree, that our Supreme Court's decision in *Felder* v. *Commissioner of Correction*, 348 Conn. 396, 306 A.3d 1061 (2024), is dispositive of the petitioner's claims.

In *Felder*, our Supreme Court rejected the petitioner's claim that his petition was timely filed because he filed it within two years of the final judgment in his federal habeas petition, concluding that the phrase "prior petition," as used in § 52-470 (d), "unambiguously refers solely to state [habeas] petitions, and, therefore, any contrary interpretation by the petitioner would have been unreasonable." Id., 414. In *Felder*, the court also held that a petitioner's lack of knowledge, standing alone, is insufficient to establish good cause for a delay in filing an untimely petition. See id., 413. Citing *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 274 A.3d 85 (2022), the court held that the petitioner bears the

burden of demonstrating that something "outside the control of the petitioner had any bearing on his lack of knowledge . . . ." (Internal quotation marks omitted.) *Felder* v. *Commissioner of Correction*, supra, 348 Conn. 413. As in *Felder*, the petitioner in this case testified only that he had not been informed by his previous habeas counsel of the time limitations set forth in § 52-470 and he was not aware of them. The petitioner therefore cannot prevail on either of his claims on appeal.

We therefore cannot conclude that the resolution of the petitioner's claims involves issues that are debatable among jurists of reason, that a court could resolve in a different manner, or that are adequate to deserve encouragement to proceed further. Accordingly, the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.