******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RICHARD LANGSTON *v.* COMMISSIONER OF CORRECTION
## (AC 40312)

DiPentima, C. J., and Lavine and Eveleigh, Js.

*Syllabus*

The petitioner, who had been convicted of various crimes, sought a writ of habeas corpus claiming, inter alia, ineffective assistance of trial counsel. Thereafter, the respondent Commissioner of Correction requested that the habeas court issue an order to show cause as to why the petition should not be dismissed as untimely pursuant to statute (§ 52-470 [d] and [e]). The habeas court, after a hearing on the request for an order to show cause, rendered judgment dismissing the habeas petition as untimely filed, from which the petitioner, on the granting of certification, appealed to this court. On appeal, he claimed that the habeas court improperly concluded that he failed to show good cause for the delay in filing his habeas petition. Specifically, he claimed that his untimely petition did not violate the spirit of § 52-470 because it concerned issues that had been litigated for several years and that, in withdrawing a prior petition, he was following the advice of his former attorney and did not understand the consequences of his decision. *Held* that the habeas court properly dismissed the habeas petition and determined that the petitioner failed to establish good cause for the delay in filing his untimely habeas petition; the fact that the petitioner litigated previous habeas claims did not excuse his tactic of voluntarily withdrawing a prior petition just days before a motion to dismiss was to be heard and less than one month before trial, nor did it explain his failure to refile his case before the statutory deadline, and the petitioner failed to adduce sufficient evidence at the hearing on the request for an on order to show cause in support of his claim that his prior counsel failed to advise the petitioner of the time constraints governing the present habeas petition.

Argued September 17—officially released October 23, 2018

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, granted the respondent's motion to dismiss and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Robert L. O'Brien*, with whom, on the brief, was *Christopher Y. Duby*, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David M. Carlucci*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Richard Langston, appeals from the dismissal of his petition for a writ of habeas corpus as untimely under General Statutes § 52-470 (e). The petitioner argues that he established good cause for the delayed filing of his untimely petition, and the habeas court's judgment of dismissal was improper.[1] We are not convinced and, thus, affirm the judgment of the habeas court.

The following facts are relevant to this appeal. In May, 1999, the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), criminal possession of a firearm in violation of General Statutes § 53a-217 and commission of a class A, B, or C felony with a firearm in violation of General Statutes § 53-202k. The trial court imposed a total effective sentence of twenty-five years of incarceration. On appeal, the conviction was affirmed. *State* v. *Langston*, 67 Conn. App. 903, 786 A.2d 547, cert. denied, 259 Conn. 916, 792 A.2d 852 (2002).

In 2002, the petitioner filed his first petition for a writ of habeas corpus alleging, inter alia, ineffective assistance of trial counsel. Although the petition was granted by the habeas court, on appeal that judgment was reversed and certification to our Supreme Court was denied. See *Langston* v. *Commissioner of Correction*, 104 Conn. App. 210, 224, 931 A.2d 967, cert. denied, 284 Conn. 941, 937 A.2d 697 (2007). Thereafter, in March, 2008, the petitioner filed a federal petition for a writ of habeas corpus, which was denied in March, 2012. *Langston* v. *Murphy*, United States District Court, Docket No. 3:08CV410 (DJS) (D. Conn. March 7, 2012). Then, in May, 2012, he filed a second petition for a writ of habeas corpus in state court. The petition was withdrawn on September 22, 2014, three days prior to a hearing on a motion to dismiss and less than one month before the scheduled trial date.

On December 3, 2014, the petitioner filed a new petition for a writ of habeas corpus in state court, which is the subject of the present appeal and alleged, inter alia, ineffective assistance of trial counsel. Following the appearance of counsel and the filing of an amended petition, the respondent Commissioner of Correction filed a request for an order to show cause as to why the present petition should not be dismissed as untimely pursuant to § 52-470 (d) and (e).[2] The petitioner filed an objection, and a hearing was held on February 8, 2017. In its memorandum of decision, dated March 23, 2017, the habeas court found that the petition was untimely because it was filed after the October 1, 2014 deadline[3] and the petitioner had failed to show good cause for the delay. Accordingly, the habeas court dismissed the petition. Thereafter, the court granted the petition for certification to appeal, and this appeal

followed.

"The conclusions reached by the [habeas court] in its decision to dismiss the habeas petition are matters of law, subject to plenary review . . . Thus, [where] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Foote* v. *Commissioner of Correction*, 170 Conn. App. 747, 753, 155 A.3d 823, cert. denied, 352 Conn. 902, 155 A.3d 1271 (2017). "To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 392, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

The petitioner does not dispute the finding that his petition is untimely. Rather, on appeal, he argues that the habeas court erred in concluding that he failed to show good cause for the delay. Specifically, the petitioner contends that (1) this untimely petition does not violate the spirit or purpose of § 52-470 because it concerns issues that have been litigated consistently since 1999, and (2) in withdrawing his prior petition, he was following the advice of his former attorney and did not understand the consequences of this decision. We are not persuaded.

"For the purposes of . . . [§ 52-470 (e)], good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section." General Statutes § 52-470 (e). The parties also agree that good cause has been defined as a "substantial reason amounting in law to a legal excuse for failing to perform an act required by law . . . [a] [l]egally sufficient ground or reason." (Internal quotation marks omitted.) *Schoolhouse Corp.* v. *Wood*, 43 Conn. App. 586, 591, 684 A.2d 1191 (1996), cert. denied, 240 Conn. 913, 691 A.2d 1079 (1997).

The essence of the petitioner's first argument is that subsections (d) and (e) of § 52-470 were enacted to curtail stale claims brought years after final judgment had been rendered in a prior habeas action, rather than to punish minor procedural missteps. The petitioner contends that he has challenged his convictions continuously for almost two decades and this petition, although technically untimely, is not representative of the vexatious or frivolous claims that the 2012 reforms to § 52-470 were implemented to address. We disagree. The petitioner voluntarily withdrew his prior petition just days before a motion to dismiss was to be heard, and on the relative eve of trial. The fact that the peti-

tioner has litigated previous habeas claims does not excuse or justify this tactic, nor does it explain his failure to refile this case before the October 1, 2014 deadline. We cannot conclude that this argument demonstrates good cause for this untimely petition.

In his second argument, the petitioner implicitly concedes that it was unwise of him to have withdrawn his prior petition. He contends, nevertheless, that he should not be held accountable for this decision because he was acting at the direction of his erstwhile counsel. At the show cause hearing in the present case, however, the petitioner's prior counsel did not testify and the habeas court concluded that there was insufficient evidence to ascertain whether counsel had failed to apprise the petitioner of the time constraints governing his subsequent petition. Accordingly, we cannot conclude the habeas court erred in dismissing the petition for a writ of habeas corpus given the petitioner's failure to adduce evidence in support of this claim.

The judgment is affirmed.

[1] The petitioner also argued on appeal that the habeas court erred in granting the request of the respondent Commissioner of Correction for an order to show cause because the pleadings had not been closed when the motion was filed. The petitioner abandoned this claim at oral argument, however, acknowledging that the recent decision by our Supreme Court in *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 189 A.3d 578 (2018), was dispositive and foreclosed further review. See id., 724–25 (holding that § 52-470 did not divest habeas court of discretion to act on motion filed by respondent prior to close of pleadings).

[2] General Statutes § 52-470 (d) provides: "In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law."

General Statutes § 52-470 (e) provides: "In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section."

[3] With respect to this case, October 1, 2014, was the latest of the three deadlines provided in § 52-470 (d).