March 17, 2020 CONNECTICUT LAW JOURNAL Page 3

CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

# STATE OF CONNECTICUT

---

RICHARD LANGSTON *v.* COMMISSIONER
OF CORRECTION
(SC 20221)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

Argued December 18, 2019—officially released March 17, 2020

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, granted the respondent's motion to dismiss and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *DiPentima, C. J.*, and *Lavine and Eveleigh, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Robert L. O'Brien*, assigned counsel, with whom, on the brief, was *Christopher Y. Duby*, assigned counsel, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David M. Carlucci*, assistant state's attorney, for the appellee (respondent).

1

Langston *v.* Commissioner of Correction

*Opinion*

PER CURIAM. In December, 2014, the petitioner, Richard Langston, filed a petition for a writ of habeas corpus, later amended in 2016, which was the most recent in a series of state and federal habeas corpus petitions challenging his 1999 conviction, rendered after a jury trial, of numerous offenses, including robbery in the first degree. Following a hearing on a request for an order to show cause filed by the respondent, the Commissioner of Correction, the habeas court rendered judgment dismissing that petition on the ground that the petitioner had failed to show good cause for his untimely filing pursuant to General Statutes § 52-470 (d) and granted the petitioner certification to appeal to the Appellate Court. The petitioner now appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court affirming the judgment of the habeas court dismissing the petition. *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 197 A.3d 1034 (2018). On appeal, the petitioner claims that the Appellate Court incorrectly concluded that the habeas court did not abuse its discretion in dismissing the petition because, in filing it late, he had relied on the advice of an attorney who had represented him in connection with an earlier habeas petition filed in 2012 and who had advised him to withdraw that validly filed petition while a motion to dismiss was pending and to file the present one in its place, even though it would be subject to a statutory presumption of delay.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[1] We granted the petitioner's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly uphold the habeas