******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGER FENNER *v.* COMMISSIONER
OF CORRECTION
(AC 43267)

Elgo, Alexander and Devlin, Js.

*Syllabus*

The petitioner, who had been convicted in 2009 of the crimes of murder
and risk of injury to a child, filed a petition for a writ of habeas corpus
on October 6, 2017. Thereafter, pursuant to the applicable statute (§ 52-
470 (c) and (e)), the respondent Commissioner of Correction filed a
request for an order to show cause why the untimely petition should
be permitted to proceed. The habeas court held an evidentiary hearing,
during which the petitioner testified that he was not aware of any
deadlines for filing habeas petitions and that, in late 2016, he became
concerned about the adequacy of the legal assistance furnished by his
defense counsel due to his son's representation that counsel had not
contacted him prior to the petitioner's 2009 guilty plea. The habeas court
dismissed the habeas petition as untimely, concluding that the petitioner
failed to rebut the presumption that the delay in filing the petition was
without good cause. Thereafter, the habeas court denied the petition
for certification to appeal, and the petitioner appealed to this court.
*Held* that the petitioner could not prevail on his claim that the habeas
court abused its discretion in denying his petition for certification to
appeal because he established good cause for the untimely filing of his
habeas petition, as neither of the petitioner's reasons was sufficient to
satisfy his burden of demonstrating good cause for the delay: despite
his testimony that he was unaware of the statutory deadlines for filing
habeas petitions, the petitioner was presumed to know the law, and the
habeas court did not find his claimed ignorance to be credible but,
instead, found that he was aware that his habeas petition could have
been filed in the eight years following his conviction; moreover, although
the petitioner testified that, in late 2016, his son provided information
as to the purported lack of communication between his son and defense
counsel, he presented no explanation or evidence regarding his failure
to act on that information by filing his habeas petition before the October
1, 2017 deadline; furthermore, because the petitioner failed to raise any
claim of good cause based on mental health issues or medications at
the show cause hearing or in his petition for certification to appeal,
this court could not conclude that the habeas court abused its ample
discretion on that ground.

Argued May 10—officially released August 3, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition; thereafter, the court denied the petition
for certification to appeal, and the petitioner appealed
to this court. *Appeal dismissed.*

*Deren Manasevit*, with whom, on the brief, was
*David J. Reich*, for the appellant (petitioner).

*Rocco A. Chiarenza*, assistant state's attorney, with
whom, on the brief, were *Anne Mahoney*, state's attor-
ney, and *Leah Hawley*, former senior assistant state's
attorney, for the appellee (respondent).

*Opinion*

ELGO, J. The petitioner, Roger Fenner, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification because he had good cause for the untimely filing of his petition for a writ of habeas corpus. We disagree and, accordingly, dismiss the appeal.

The relevant facts are not in dispute. In December, 2009, the petitioner pleaded guilty to one count each of murder in violation of General Statutes § 53a-54a and risk of injury to a child in violation of General Statutes (Rev. to 2007) § 53-21. The trial court rendered judgment in accordance with that plea and sentenced the petitioner to a total effective term of fifty years of incarceration. The petitioner did not file a direct appeal.

On October 6, 2017, the petitioner filed a petition for a writ of habeas corpus.[1] The record indicates that no further action transpired until December 28, 2018, when the respondent, the Commissioner of Correction, filed a request with the habeas court pursuant to General Statutes § 52-470 (c) and (e) for an order directing the petitioner to show cause why his untimely petition should be permitted to proceed. The court held an evidentiary hearing on that request on March 15, 2019.

The only evidence presented at that hearing was the testimony of the petitioner,[2] who testified that, prior to his arrest, he had been living with his son.[3] The petitioner further testified that his arrest and subsequent conviction angered his son, with whom he thereafter was estranged for several years. In late 2016, the petitioner reconnected with his son. When his son informed the petitioner that he never had been contacted by the petitioner's criminal trial attorney, the petitioner grew concerned that he had not been "told the truth about what went on" in his criminal prosecution. Although he conceded that he previously lacked an adequate ground to file a petition for a writ of habeas corpus, the petitioner testified that he now believed that he had "grounds to file" such a petition in light of his son's representation that he had not been contacted by defense counsel. The petitioner further testified that he was not aware of any deadlines to file a habeas corpus action and stated that, had he been so aware, he "definitely would have" filed one.

After the petitioner concluded his testimony, the court heard argument from both parties. At that time, the petitioner's habeas counsel reiterated that it was the petitioner's "contact in late 2016" with his son that "really induced" him to file the habeas petition, stating that the "piece of information that he received [from his son] was very pivotal in his mind . . . ." The respon-

dent's counsel argued: "The petition was late. It was received by the court after the [statutory] deadline. [The petitioner] has not shown any newly discovered evidence. He is presumed to know the law whether he was aware of the statutory deadline or not. . . . [The petitioner] has failed to rebut [the] presumption of delay. He has not shown good cause."

In its subsequent memorandum of decision, the court stated in relevant part: "The only issue disputed by the parties is whether the petitioner can establish good cause for not having filed his petition [in a timely manner]. . . . The vague reasons provided by the petitioner—that his son was angry with him following his conviction, and that they did not have contact until 2016, and that he has since learned information from his son that he had not been interviewed by defense counsel and that counsel may otherwise not have told him the truth about what happened during his criminal case—are insufficient to establish good cause for his having failed to file a habeas petition prior to the October 1, 2017 deadline. Also, the petitioner admitted during his testimony that he had considered filing a habeas [petition] previously, but [he] did not do so. This establishes that he was aware that a petition could have been filed in the eight years subsequent to his conviction, but did not do so." (Footnote omitted; internal quotation marks omitted.) The court thus concluded that the petitioner had failed to rebut the presumption of delay codified in § 52-470 (c) and dismissed the petition for a writ of habeas corpus. The petitioner then filed a petition for certification to appeal, which the court denied, and this appeal followed.

On appeal, the petitioner claims that the court improperly denied his petition for certification to appeal because he had established good cause for the untimely filing of his petition for a writ of habeas corpus. We disagree.

The standard of review that governs such claims is well established. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Crespo* v. *Commissioner of Correction*, 292 Conn. 804, 811, 975

A.2d 42 (2009).

Convicted criminals in this state are not afforded unlimited opportunity to challenge the propriety of their convictions or confinement. Our General Assembly enacted § 52-470 for the purpose of "ensuring expedient resolution of habeas cases." *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 717, 189 A.3d 578 (2018); cf. *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 566–67, 153 A.3d 1233 (2017) (noting that 2012 amendments to § 52-470 were "intended to supplement that statute's efficacy in averting frivolous habeas petitions and appeals"). Subsections (c), (d) and (e) of that statute "provide mechanisms for dismissing untimely petitions." *Kelsey* v. *Commissioner of Correction*, supra, 717. Relevant to this appeal is § 52-470 (c), which provides in relevant part: "[T]here shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2017 . . . ." It is undisputed that the petitioner's judgment of conviction was rendered on December 11, 2009, that he did not seek appellate review, and that he did not file his petition for a writ of habeas corpus until after October 1, 2017. That petition therefore was untimely, implicating the rebuttable presumption of delay mandated by § 52-470 (c).

Section § 52-470 (e) provides in relevant part: "In a case in which the rebuttable presumption of delay under subsection (c) . . . of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) . . . of this section." As this court has observed, "good cause has been defined as a substantial reason amounting in law to a legal excuse for failing to perform an act required by law . . . ." (Internal quotation marks omitted.) *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 532, 197 A.3d 1034, appeal dismissed, 335 Conn. 1, 225 A.3d 282 (2020).

At the March 15, 2019 show cause hearing, the petitioner bore the burden of demonstrating good cause

for his failure to file his petition for a writ of habeas corpus in a timely manner. The only evidence that he submitted at that hearing was his testimony that (1) he was unaware of any deadlines for filing such petitions and (2) in late 2016, he became concerned about the adequacy of the legal assistance furnished by his defense counsel due to his son's representation that counsel had not contacted his son prior to the petitioner's 2009 guilty plea. Neither suffices to establish good cause.

With respect to the former, it is well established that "[e]veryone is presumed to know the law . . . . Thus, the [petitioner] is charged with knowledge of the law." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 202 Conn. App. 563, 576, 246 A.3d 54, cert. denied, 336 Conn. 922, 246 A.3d 2 (2021). As our Supreme Court has long recognized, "[t]he familiar legal maxims, that everyone is presumed to know the law, and that ignorance of the law excuses no one, are founded upon public policy and in necessity, and the idea [underlying] them is that one's acts must be considered as having been done with knowledge of the law, for otherwise its evasion would be facilitated and the courts burdened with collateral inquiries into the content of [people's] minds. . . . This rule of public policy has been repeatedly applied by [our Supreme Court]." (Citation omitted.) *Atlas Realty Corp.* v. *House*, 123 Conn. 94, 101, 192 A. 564 (1937). Furthermore, the habeas court did not find the petitioner's claimed ignorance of the statutory deadline to be credible, as was its exclusive prerogative; see *Bowens* v. *Commissioner of Correction*, 333 Conn. 502, 523, 217 A.3d 609 (2019); and instead found that the petitioner "was aware that a petition could have been filed in the eight years subsequent to his conviction . . . ." The petitioner has not challenged the propriety of that factual finding in this appeal.

With respect to his claim regarding the purported lack of communication between his son and his defense counsel, the petitioner offered no explanation or evidence regarding his failure to act on that information in a timely manner. Although the petitioner testified at the show cause hearing that his son provided that information to him "towards the latter" part of 2016, it is undisputed that he had until October 1, 2017, to commence this habeas action and failed to do so. Because the petitioner presented no evidence whatsoever regarding his failure to file his habeas petition in those intervening months, the court properly concluded that he had failed to establish good cause.

The petitioner nonetheless argues that an alternative basis for a finding of good cause exists—namely, the existence of "mental health issues" and the allegation that he "had recently been put on medications around the time he filed his habeas petition." No such claim

ever was asserted by the petitioner at the show cause hearing, nor was any supporting evidence presented. Moreover, the petitioner failed to raise that claim in his petition for certification to appeal. This case thus resembles *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013), in which this court stated: "The record does not reflect that before the habeas court the petitioner raised the present claim . . . prior to rendering its decision. More importantly, the petitioner did not raise the present claim in his petition for certification to appeal. . . . Because the petitioner did not raise the claim when asking the court to rule on his petition for certification to appeal, we cannot conclude that the court abused its discretion on that ground. . . . [A] petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue that the petitioner later raises on appeal was never presented to, or decided by, the habeas court. . . . Under such circumstances, a review of the petitioner's claims would amount to an ambuscade of the [habeas] judge. . . . Because the petitioner failed to raise this claim in his petition for certification to appeal or in his application for waiver of fees, costs and expenses and appointment of counsel on appeal, we decline to afford it review." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 216–17; see also *Banks* v. *Commissioner of Correction*, 205 Conn. App. 337, 342, A.3d (2021) ("[i]t is well established that a petitioner cannot demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of claims that were not raised distinctly before the habeas court at the time that it considered the petition for certification to appeal").

That precedent compels a similar conclusion here. Because the petitioner failed to raise any claim of good cause based on mental health issues or medications at the show cause hearing or in his petition for certification to appeal, we cannot conclude that the court abused its ample discretion on that ground. The court, therefore, properly denied the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner filed his petition for a writ of habeas corpus in a self-represented capacity. On January 9, 2018, Kirschbaum Law Group, LLC, filed an appearance on behalf of the petitioner.

[2] The respondent chose not to cross-examine the petitioner or to present any other evidence at the show cause hearing.

[3] In his petition for a writ of habeas corpus, the petitioner averred that his arrest occurred on January 12, 2007.